UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
MAURICE HALL,

               Petitioner,                         MEMORANDUM & ORDER
                                                        04-CV-1514 (NGG) (VVP)

          - against -

WILLIAM PHILLIPS, SUPERINTENDENT
OF GREEN HAVEN CORRECTIONAL FACILITY,

               Respondent.
---------------------------------------------X
GARAUFIS, United States District Judge.

      Maurice Hall ("Petitioner" or "Hall") was found guilty by a unanimous jury of (1) Murder in the first degree, (2) Burglary in the third degree, and (3) Grand Larceny in the fourth degree. Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, making six allegations. First, Petitioner argues that his lawyer failed to raise otherwise meritorious claims on appeal. Second, he argues that the trial court failed to instruct the jury on "all elements" of Robbery in the third degree, a predicate act of the murder charge. Third, he argues that the trial court provided the jury with an erroneous reasonable doubt charge. Fourth, Petitioner argues that he was deprived of his constitutional rights when the police ordered that he shave and wear a hat prior to participating in a pre-trial lineup. Fifth, Petitioner argues that he was deprived of his right to effective assistance of counsel because his application for appointment of an attorney for his direct appeal under New York Judiciary Law § 35-b was filed with the New York State Appellate Division rather than the New York Court of Appeals. Sixth, he argues that he suffered prejudice when his attorney failed to raise issues on appeal that could have resulted in a reversal of his conviction.

1

I referred the petition to Magistrate Judge Viktor V. Pohorelsky for a Report and Recommendation ("R & R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Judge Pohorelsky recommended that I deny the petition in its entirety. (R & R dated December 15, 2006 at 27.)

Petitioner has filed an objection to the R & R. However, this objection merely states, "I respectfully submitt [sic] my objections to [Judge Pohorelsky's] Report and Recommendation in its entirety[, a]nd ask that Honorable Judge Garaufis gran[t] my petition for habeas corpus relief." (Objection to the Report and Recommendation Filed By Judge Victor V. Pohorelsky at 1.) The Federal Rules of Civil Procedure provide that, "[w]ithin 10 days after being served with a copy of [a magistrate's] recommended disposition, a party may serve and file *specific*, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b) (emphasis added). In order to preserve a claim for review, a petitioner must make references to specific findings or recommendations to which he or she objects. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that a "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve" the petitioner's claim).

Applying this rule, Petitioner's two-sentence objection to the R & R is not sufficient. The objection makes no reference to any specific part of the R & R and provides no legal argument whatsoever. Petitioner's failure to object properly to the R & R within the ten-day period for doing so operates as a waiver of any further judicial review of Judge Pohorelsky's decision. See Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

However,

> [e]ven if neither party objects to the magistrate's recommendation, the district judge is not bound by the recommendation of the magistrate. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. . . . [T]he phrase de novo *determination* in section 636(b)(1) . . . was selected by Congress to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.

Grassia v. Scully, 892 F.2d 16, 19 (2d. Cir. 1989) (citations and quotation marks omitted) (emphasis in original). Because Hall is a *pro se* petitioner with no legal training, I will not penalize him for the lack of specificity in his objection and instead, in an abundance of caution, I review the R & R *de novo*.

Nevertheless, having reviewed Judge Pohorelsky's thorough and well-reasoned R & R, I find the R & R to be correct, both on the face of the record and pursuant to my "broad latitude [under § 636(b)(1)] in considering the magistrate's recommendation." Id. I therefore order that the R & R of Judge Pohorelsky is approved, adopted, and ratified in its entirety by this court. Hall's petition for a writ of habeas corpus is therefore DENIED. The Clerk of Court is hereby directed to close this case and serve a copy of this Memorandum and Order on the *pro se* Petitioner.

SO ORDERED.

Dated: July 2?, 2007
Brooklyn, New York

/signed/
NICHOLAS G. GARAUFIS
United States District Judge