UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
MAURICE HALL,

                Petitioner,                  MEMORANDUM & ORDER
                                                04-CV-1514 (NGG)(VVP)

        - against -

WILLIAM PHILLIPS, Superintendent,
Green Haven Correctional Facility,

                Respondent.
----------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

By Memorandum & Order dated July 24, 2007, the court adopted Magistrate Judge Viktor Pohorelsky's Report and Recommendation in its entirety and denied Petitioner Maurice Hall's ("Petitioner" or "Hall") Petition for a writ of habeas corpus. (Docket Entry # 27.) I am in receipt of a letter from Petitioner asking me to expand the record before the court to include certain documents, including *inter alia* a "request to have counsel relieved during the state court appellate proceedings," a "request for permission to file a pro se supplement[al] brief," letters to and from Petitioner's attorney, and a decision written by the state court. (Letter from Petitioner to the court, dated July 30, 2007 ("Pet. Letter"), at 1, Docket Entry #29.) For the reasons that follow, Petitioner's motion to expand the record, which I deem a motion for relief from a final judgment under Fed. R. Civ. P. 60(b), is DENIED.

### I. Standard of Review

Petitioner asks his letter to be treated as a motion for expansion of the record under the provisions of 28 U.S.C. §§ 1651 and 2250 and Fed. R. Civ. P. 7(a) governing Section 2254 cases. (Pet. Letter at 1.) However, Petitioner filed his letter motion after this court decided the

1

underlying habeas petition and after the court entered a final judgment. Accordingly, on the basis of the Second Circuit's decision in United States v. Clark, 984 F.2d 31 (2d Cir. 1993), the court will treat Gant's motion as one for relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), which governs relief following a final judgment. Accord, e.g., Gant v. Goord, 2007 WL 2712344, at *1 n. 1 (W.D.N.Y. Sept. 13, 2007); Schwamborn v. United States, 2007 WL 2506430 (E.D.N.Y. Sept.5, 2007).

Rule 60(b) of the Federal Rules of Civil Procedure provides the following six bases for relief following a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Whether relief under Rule 60(b)(6) is warranted lies within the sound discretion of the District Court. See United States v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976). The fact that a litigant is pro se, unto itself, is an insufficient basis for relief under Rule 60(b). Salter v. Hooker Chemical, Durez Plastic & Chem. Div., 119 F.R.D. 7, 9 (W.D.N.Y. 1988).

## II. Petitioner Is Not Entitled To Relief Under Rule 60(b)

Hall has submitted to the court a number of documents: (1) "copies of my request to have counsel relieved during the state court appellate proceedings"; (2) "request for permission to file a pro se supplement brief"; (3) "letter dated January 22, 2003 to appellate counsel"; (4) "appellate counsel's letter dated January 29, 2003"; (5) "a letter to [the] Grievance Committee

dated December 9, 2003, complaining of appellate counsel's representation"; (6) counsel's response to the petitioner's request for coram nobis relief"; (7) "the state courts' decision on the petitioner's petition for coram nobis relief . . . based on the recent decision by the Supreme Court, Appellate Division, Third Department in People v. Shakeen Knowles, N.Y.L.J., July 18, 2007, page twenty." (Id.)

Petitioner appears to move the court to vacate the judgment denying his habeas petition in order to present a belated claim of ineffective assistance of appellate counsel. That motion is beyond the scope of the rule in that it seeks to attack the underlying criminal conviction based on the allegedly ineffective representation of appellate counsel rather than the integrity of the original habeas proceeding. See Harris v. United States, 367 F.3d 74, 82 (2d. Cir. 2004); Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002); accord Abu Mezer v. U.S., 2005 WL 1861173 (E.D.N.Y. July 25, 2005). The Second Circuit has repeatedly held that "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris, 367 F.3d at 77; see also Rodriguez v. Mitchell, 252 F.3d 191, 198-99 (2d Cir. 2001).

Furthermore, the Supreme Court has rejected an argument that Rule 60(b) challenges to habeas judgments should be treated as second or successive petitions, holding that an attack on a habeas judgment "based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 n. 5 (2005) (citation omitted). Petitioner argues that his appellate counsel allegedly failed to raise the issue

3

of his "rights to a fair trial, and to have his guilt proven beyond a reasonable doubt to each and every element charged in the indictment under the Sixth and Fourteenth Amendments of the Constitution . . ." (Pet. Letter at 2.) As Gonzales deals with habeas counsel's omissions, and Petitioner's motion deals with the alleged failures of his appellate counsel, who is obviously even further removed from the integrity of the underlying habeas proceedings, that principal applies in even more force here.

Here, the documents submitted by Petitioner do not support a finding that would call for a reconsideration of the court's denial of the underlying habeas application. "To obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or pro se." See Harris, 367 F.3d at 77. There is no evidence in the record that Hall was abandoned by habeas counsel or that he was not properly heard by the court, and these new documents do not change that conclusion.

The court has further considered the other factors enumerated under Rule 60(b) and has not found any reason to grant relief from the operation of the judgment denying Hall's petition.

### III. Conclusion

For the foregoing reasons, Petitioner's motion to expand the record, which the court deems a motion for relief from the final judgment denying his habeas petition under Fed. R. Civ. Pro. 60(b), is DENIED.

SO ORDERED.

Dated: October 27, 2007
Brooklyn, New York

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

4